UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTORIA ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 21 C 5548 |
| ) | |
| RAINBOW BEACH QOC, LLC d/b/a ) | |
| RAINBOW BEACH CARE CENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter is before the Court on Defendant Rainbow Beach QOC, LLC d/b/a Rainbow Beach Care Center's ("Rainbow Beach") Motion to Dismiss Plaintiff Antoria Robinson's First Amended Complaint ("FAC") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court denies the Motion.

## BACKGROUND

The following facts come from the FAC and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Robinson's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Robinson began her employment as an Activity Aide with Rainbow Beach in September 2017. In January 2020, Robinson received word from her physician that her

high-risk pregnancy would likely result in a spontaneous miscarriage. Robinson's physician stated she would require several weeks of bed rest to recover and heal after the miscarriage. Upon receiving this news, Robinson informed her supervisors, Jefferey Roberts and Willie Sims, and other Rainbow Beach managers and human resources administrators, of her doctor's opinion that she would need to take time off work in the upcoming months. Throughout January, February, and March of 2020, Robinson requested the necessary paperwork to obtain leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, but her requests were ignored. Robinson's doctors informed her in March 2020 that her miscarriage was likely to occur in the upcoming weeks and Robinson relayed this information to her supervisors. In late March 2020, Rainbow Beach medical director Melissa Wade provided Robinson with the requested paperwork.

Robinson's FMLA leave started on April 28, 2020. A few days later, on May 1, 2020, Rainbow Beach's human resources department contacted Robinson and told her she needed to provide a doctor's note specifying her return-to-work date. Robinson promptly provided a note from her physician stating Robinson should be medically cleared to return to work on June 8, 2020. On May 26, 2020, Rainbow Beach executive administrator Sandra Knox informed Robinson over the phone that she had been terminated as of May 12, 2020, for "failing to handle her business."

Based on these events, Robinson filed a five-count complaint alleging: (1) interference in violation of the FMLA; (2) retaliation in violation of the FMLA; (3)

pregnancy discrimination in violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*; (4) retaliation in violation of the IHRA; and (5) failure to accommodate in violation of the IHRA. Rainbow Beach moves to dismiss Robinson's Complaint in its entirety for lack of subject matter jurisdiction, claiming Robinson's claims are preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA") and she failed to exhaust the grievance procedures set forth by a collective bargaining agreement. Alternatively, Rainbow Beach moves to dismiss Robinson's pregnancy discrimination claim for failure to state a claim.

Rainbow Beach states Robinson was represented for purposes of collective bargaining by the SEIU Healthcare Illinois and Indiana (the "Union"). Rainbow Beach and the Union are parties to a collective bargaining agreement (the "CBA"), which applies to all Rainbow Beach Activity Aides, including Robinson. The CBA includes a "Leaves of Absence and Military Service" section which states, in pertinent part:

> The provisions of the Agreement shall be interpreted and applied in conformance with all applicable requirements of the Federal Family and Medical Leave Act ("FMLA"). To the extent any provision of this Agreement or any policy or practice of the Employer is contrary to the FMLA, such provision, policy, or practice shall be deemed modified so as to conform to the requirements of the FMLA. In the event an employee takes a leave of absence for which he/she is eligible pursuant to the FMLA and not pursuant to a specific provision of the Agreement, the employee must first exhaust all unused vacation time towards the twelve (12) weeks FMLA period.

Dkt. # 27, Ex. A, Art. 23.

Additionally, the grievance procedure in the CBA sets forth a two-step process that permits an employee to file a grievance within fourteen days of the event giving rise to the grievance. The Union and Rainbow Beach would hold a meeting within fourteen days of the filing of the grievance to discuss the matter. Thereafter, Rainbow Beach must answer the grievance within seven days. If the Union is not satisfied the parties move to step two of the grievance procedure by filing a written appeal to Rainbow Beach within seven days. Rainbow Beach and the Union would meet again within fourteen days to discuss the matter and within seven days of the meeting Rainbow Beach must answer. If the Union is still not satisfied, the Union has thirty days from the step two answer to appeal to arbitration. Failure to follow the procedure bars the employee's grievance.

According to Rainbow Beach, Robinson requested that her Union representative begin the grievance process by filing a grievance with Rainbow Beach; however, Robinson failed to cooperate with the Union and participate in the meetings, which led to the dismissal of her grievance. It is this failure to cooperate, says Rainbow Beach, that bars Robinson's claims in this case.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845

(7th Cir. 2012) (en banc). In determining whether subject matter jurisdiction exists, the Court accepts all well-pled facts alleged in the complaint and draws all reasonable inferences from those facts in the non-movant's favor. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). "Where evidence pertinent to subject matter jurisdiction has been submitted, however, 'the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists.'" *Id.* (quoting *United Transp. Union* v. *Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)) (internal citations omitted).

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well-pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the

5

elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

Rainbow Beach moves to dismiss Robinson's Complaint in its entirety for lack of subject matter jurisdiction because Robinson failed to exhaust the grievance procedures outlined in the CBA. Alternatively, Rainbow Beach moves to dismiss the pregnancy discrimination claim in Count III for failure to state a claim. The Court addresses each motion in turn.

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Rainbow Beach first argues Robinson's claims are preempted by Section 301 of the LMRA because she failed to cooperate with her union and exhaust the grievance procedures set forth in the CBA. Rainbow Beach claims because the CBA specifically addresses leave under the FMLA, the grievance procedure applies to any disputes arising under that provision of the CBA.[1] Robinson, however, says Rainbow Beach's assertion is misguided because the LMRA only preempts causes of action that are "substantially dependent" on an analysis of the CBA, which hers are not.

---

[1] Rainbow Beach does not set forth any specific analysis as to why Robinson's claims under the IHRA are preempted.

6

Section 301 does not apply to Robinson's claims under the FMLA. Tellingly, Rainbow Beach does not offer any authority to support its contention that the preemption doctrine applies to preempt a federal claim based on violation of the FMLA; nor does it address Robinson's persuasive authority cited in support of her position. The major Supreme Court decisions interpreting and applying Section 301 preemption have done so with regard to state law claims. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) ("In sum, we hold that an *application of state law is pre-empted* by [Section 301 of the LMRA] only if such application requires the interpretation of a collective-bargaining agreement.") (emphasis added); *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("We do hold that when resolution of a *state-law claim* is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a [Section 301] claim, or dismissed as pre-empted by federal labor-contract law.) (emphasis added and internal citation omitted).

In *Gilmore v. Northwest Airlines, Inc.*, the plaintiff alleged her employer violated the FMLA when it terminated her employment due to work absences that were statutorily protected. 504 F. Supp. 2d 649, 656 (D. Minn. 2007). The *Gilmore* court held it "need not look to the CBA in order to resolve this claim—the sole issue is whether the absences were protected under the FMLA." *Id.* The plaintiff's right to be absent from work without reprisal due to a qualifying health condition "is a right that

7

exists independent of the CBA." *Id.* (citing 29 U.S.C. § 2612(a)(1)(D)). Accordingly, the claim was not preempted.

We reach the same result here. Robinson's rights under the FMLA are defined by federal law and not by state law or the terms of an agreement. *See Staunch v. Cont'l Airlines, Inc.*, 2007 WL 218729, at *5 (N.D. Ohio 2007), *aff'd* 511 F.3d 625 (6th Cir. 2008) (the plaintiff's FMLA claim arose under a federal law that exists independent of the CBA; the plaintiff sought to enforce a federal statutory right, not a contractual right embodied in the CBA and therefore the court could resolve the claim through the statute and without any reference to the CBA). Robinson's FMLA claims are not preempted by Section 301, and the Court has subject matter jurisdiction over the claims.

A separate analysis, however, is required for Robinson's claims under the IHRA. Section 301 of the LMRA entirely preempts state law claims for violations of collective bargaining agreements. *Baker v. Kingsley*, 387 F.3d 649, 657 (7th Cir. 2004). But not every dispute concerning employment that involves a provision in a collective bargaining agreement is preempted. *Id.* To determine whether a state law claim is preempted, courts look at the "legal character" of the claim: "a question of state law, entirely independent of any understanding embodied in the collective bargaining agreement may go forward as a state-law claim, whereas a claim, the resolution of which is sufficiently dependent on an interpretation of the CBA, will be preempted." *Id.* (cleaned up). If a claim is preempted, it must be brought under the LMRA, which requires employees to exhaust grievance and arbitration procedures set forth in

collective bargaining agreements before filing suit. *See McCoy v. Maytag Corp.*, 495 F.3d 515, 524 (7th Cir. 2007).

Robinson does not dispute that she failed to follow the grievance procedures in the CBA. Instead, she argues her claims are independent of the CBA and require no interpretation of the CBA, and therefore she was not required to follow the grievance procedure in order to bring her claims. Rainbow Beach's Reply says nothing of Robinson's claims under the IHRA. In fact, neither party makes any substantive argument as to whether or not the IHRA claims are preempted.

Numerous courts in other districts around the country have concluded that claims under various state human rights acts are not preempted by Section 301. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 182 (S.D.N.Y. 2003) (collecting cases holding New York Human Rights Law claims are not preempted by Section 301); *Knox v. Wheeling-Pittsburgh Steel Corp.*, 899 F. Supp. 1529, 1534–35 (N.D.W. Va. 1995) (employee's claims of sex discrimination under the West Virginia Human Rights Act did not require interpretation of the CBA; terms of the CBA were irrelevant, as elements of discrimination claim pertained to the conduct and motivation of the employer under statutory standards, rather than the standards of the CBA); *Mixer v. M.K.-Ferguson Co.*, 17 F. Supp. 2d 569, 576 (S.D.W. Va. 1998) (employee's age discrimination claim under West Virginia Human Rights Act would be resolved under statutory standards rather than under standards of CBA so there was no preemption; employee's claim presented purely factual questions pertaining to conduct of employee and conduct and motivation

9

of employer, which could be resolved without construing CBA); *Brown v. Holiday Stationstores, Inc.*, 723 F. Supp. 396, 407 (D. Minn. 1989) ("The rights which plaintiff seeks to exercise, and the duties which the employer is called upon to fulfill, are established, not by a collective bargaining agreement subject to section 301 of the LMRA, but rather by an independent source of law, the Minnesota Human Rights Act. Thus, resolution of plaintiff's claim is not inextricably intertwined with a collective bargaining agreement . . . .").

Rainbow Beach has offered no authority, controlling or otherwise, that would compel the conclusion that Robinson's IHRA claims are preempted. Accordingly, the Court has subject matter jurisdiction over the claims and Rainbow Beach's motion to dismiss for lack of subject matter jurisdiction is denied.

## II. Motion to Dismiss for Failure to State a Claim

Rainbow Beach alternatively moves to dismiss Robinson's IHRA pregnancy discrimination claim, arguing Robinson has not provided any factual allegations that her pregnancy was the motivating factor for her termination, has not alleged she was meeting her employer's legitimate expectations, and has not alleged she was treated less favorably than non-pregnant employees.

To establish a *prima facie* case of employment discrimination under the IHRA, a plaintiff "must first show that (1) she is a member of a protected class; (2) she was meeting her employer's legitimate business expectations; (3) she suffered an adverse employment action; and (4) the employer treated similarly situated employees outside

the class more favorably." *Spencer v. Illinois Hum. Rts. Comm'n*, 2021 IL App (1st) 170026, ¶ 34 (citing *Owens v. Dep't of Hum. Rts.*, 403 Ill. App. 3d 899, 919 (1st Dist. 2010). Contrary to Rainbow Beach's contention, however, a plaintiff in an employment discrimination case need not allege facts corresponding to each element of a *prima facie* case of gender discrimination in order to survive a Rule 12(b)(6) motion to dismiss. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510 (2002) ("The prima facie case [of employment discrimination] . . . is an evidentiary standard, not a pleading requirement."); *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("Put more plainly, a plaintiff need not allege facts aligning with her claim's every element, which she will have to prove for her claim to survive summary judgment."). Rather, to survive a motion to dismiss, "a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to her protected characteristics." *Kaminski*, 23 F.4th at 777; *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (interpreting *Twombly* and explaining that, in the employment discrimination context, avoiding dismissal requires a plaintiff to "describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests" and to allege a right to relief above "a speculative level" (cleaned up)).

Robinson's FAC meets this standard, and Rainbow Beach's motion to dismiss for failure to state a claim is denied.

## **CONCLUSION**

For the foregoing reasons, Rainbow Beach's Motion to Dismiss [27] is denied. Status is set for 6/30/2022 at 10:20 a.m. It is so ordered.

Dated: June 2, 2022

_____
Charles P. Kocoras
United States District Judge